**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF FLORIDA**

| | | |
|---|---|---|
| **ABAGAIL GONZALEZ**, | : | |
| | : | |
| Plaintiff, | : | |
| | : | Civil Action No.: |
| v. | : | |
| | : | |
| **TRISTAR PRODUCTS, INC.**, | : | **JURY TRIAL DEMANDED** |
| | : | |
| Defendant. | : | |

## COMPLAINT

Plaintiff, **ABAGAIL GONZALEZ**, (hereinafter referred to as "Plaintiff"), by and through her undersigned counsel, **JOHNSON BECKER, PLLC**, upon information and belief, at all times hereinafter mentioned, alleges as follows:

## NATURE OF THE CASE

1. Defendant Tristar Products, Inc. ('Tristar", "Defendant" or "Defendant Tristar") hereinafter generally referred to as "Defendant Tristar") designs, manufactures, markets, imports, distributes and sells a wide-range of consumer products, including the subject "Tristar Power Pressure Cooker XL," which specifically includes the Tristar Pressure Cooker Model Numbers PPC-770, PPC-780 and PPC-790 (referred to hereafter as "pressure cooker(s)").

2. Defendant Tristar touts that its pressure cookers are designed with several "Built-In Safety Features," which purport to keep the consumer safe while using the pressure cooker. Such Safety Devices include a supposed "lid safety device." The "lid safety device" is intended to prevent the

1

unit from building pressure if the lid is not closed properly, as well as to prevent the lid from opening until all pressure is released.[1]

3.      Despite Defendant Tristar's claims of "safety," it designed, manufactured, marketed, imported, distributed and sold, both directly and through third-party retailers, a product that suffers from serious and dangerous defects. Said defects cause significant risk of bodily harm and injury to its consumers.

4.      Specifically, said defects manifest themselves when, despite Defendant Tristar's statements and "Safety Features," the lid of the pressure cooker is removable with built-up pressure, heat and steam still inside the unit.  When the lid is removed under such circumstances, the pressure trapped within the unit causes the scalding hot contents to be projected from the unit and into the surrounding area, including onto the unsuspecting consumers, their families and other bystanders. The Plaintiff in this case was able to remove the lid while the pressure cooker retained pressure, causing her serious and substantial bodily injuries and damages.

5.      Defendant Tristar knew or should have known of these defects but has nevertheless put profit ahead of safety by continuing to sell its pressure cookers to consumers, failing to warn said consumers of the serious risks posed by the defects, and failing to recall the dangerously defective pressure cookers regardless of the risk of significant injuries to Plaintiff and consumers like her.

6.      As a direct and proximate result of Defendant Tristar's conduct, the Plaintiff in this case incurred significant and painful bodily injuries, medical expenses, physical pain, mental anguish, and diminished enjoyment of life.

---

[1] Attached hereto and incorporated by reference as Exhibit A is the Power Pressure Cooker XL Model No. PPC-770 Owner's Manual. *See* pg. 3.

**PLAINTIFF ABAGAIL GONZALEZ**

7.    Plaintiff **ABAGAIL GONZALEZ** is a resident and citizen of the city of Amarillo, County of Randall, State of Texas.

8.    On or about July 21, 2022, Plaintiff suffered serious and substantial burn injuries as the direct and proximate result of the pressure cooker's lid being able to be rotated and opened while the pressure cooker was still under pressure, during the normal, directed use of the pressure cooker, allowing its scalding hot contents to be forcefully ejected from the pressure cooker and onto Plaintiff. The incident occurred as a result of the failure of the pressure cooker's supposed "Built-In Safety Features," which purport to keep the consumer safe while using the pressure cooker. In addition, the incident occurred as the result of Defendant Tristar's failure to redesign the pressure cooker, despite the existence of economical, safer alternative designs.

**DEFENDANT TRISTAR PRODUCTS, INC.**

9.    Defendant Tristar designs, manufactures, markets, imports, distributes, and sells a variety of consumer products[2] including, *inter alia*, pressure cookers, air fryers, blenders, juicers, and coffee makers.

10.    Defendant Tristar boasts that "[s]uperior innovation at affordable prices has enabled [them] to create #1 brands worldwide for more than 25 years" resulting in "over $1 billion in retail sales."[3]

11.    Prior to April 30, 2018, Defendant Tristar was known as 'Tristar Products, Inc.", and was a Pennsylvania Corporation with its registered place of business at 2620 Westview Drive, Wyomissing, Berks County, Pennsylvania 19610, and its principal place of business located at 492 U.S. 46, Fairfield, New Jersey 07004.

---

[2] *See generally*, www.tristarcares.com/products/housewares/ (last accessed October 12, 2022).
[3] https://www.tristarproductsinc.com/ (last accessed October 12, 2022).

12.    As of April 30, 2018, Defendant Tristar became "Tristar Innovative Products, Inc." and is now a Florida Corporation with its registered place of business at 1293 North University Drive, #322 City of Coral Springs, Broward County, Florida 33071, and its principal place of business located at 492 U.S. 46, Fairfield, New Jersey 07004.

13.    As of June 12, 2020, Defendant Tristar changed its name back to "Tristar Products, Inc."., and changed its registered place of business to 2050 W. County Highway 30a, #M1-109 Santa Rosa Beach, Walton County, Florida 32459.

## JURISDICTION AND VENUE

14.    This Court has subject matter jurisdiction over this case pursuant to diversity jurisdiction as prescribed by 28 U.S.C. § 1332 because the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and there is complete diversity between the parties.

15.    Venue is proper in this Court pursuant to 28 U.S.C. § 1391 because Defendant is a resident and citizen of this district.

16.    Venue is also proper in this Court pursuant to 28 U.S.C. § 1391 because Defendant has sufficient minimum contacts with the State of Florida and intentionally availed itself of the markets within Florida through the promotion, sale, marketing, and distribution of its products.

## FACTUAL BACKGROUND

17.    Defendant Tristar is engaged in the business of designing, manufacturing, warranting, marketing, importing, distributing, and selling the pressure cookers at issue in this litigation.

18.    Defendant Tristar aggressively warrants, markets, advertises and sells its pressure cookers as "state of the art kitchen science," [4] allowing consumers to cook "wholesome, sit down, family-

---

[4] https://www.youtube.com/watch?v=hN13IrMs_S4 at 1:34-1:35 (last accessed September 7, 2022).

style meal[s] with just the push of a button;" [5] "in a fraction of the time" [6] as other kitchen appliances; and that "[t]here's no safer way to cook." [7]

19.     To further propagate its message, Defendant Tristar has, and continues to utilize numerous media outlets including, but not limited to, television infomercials, social media websites such as YouTube, third-party retailers, and professional chef endorsements. For example, the following can be found on Defendant Tristar's Power Pressure Cooker XL website[8] from "culinary expert" Eric Theiss, who is featured in many of Defendant Tristar's YouTube videos, as well as its television infomercial:

> "I have seriously never seen a cooking tool so easy, so versatile, so affordable that anyone can make quality, delicious meals, perfectly cooked from the very first time! The Perfect Cooker is the one pot that does it all!"[9]

20.     In one YouTube video, Mr. Theiss states that "when your pressure cooker is up to pressure, the lid locks on. I couldn't get this lid open if I wanted to. There's no way you're gonna open it. So, it's loaded with safety features, you guys. So, if you've never used a pressure cooker before, this is one of the safest ones you can get."[10]  Later in the video, when Mr. Theiss is releasing the pressure from the pressure cooker, he states that "even if I wanted to," he couldn't open the lid "because the pressure is still inside."[11]  The pressure cooker "knows" when the pressure has fully released and will unlock "automatically."

---

[5] *Id*. at 9:04 - 9:08.
[6] *Id*. at 9:08 – 9:10.
[7] https://www.youtube.com/watch?v=kCESkfSSROk at 2:54 (last accessed September 7, 2022).
[8] http://www.powerpressurecooker.com/?gclid=Cj0KEQjw4cLKBRCZmNTvyovvj-4BEiQAl_sgQvo_7hhyOkL0DOfmJ0ZaW4G7brJ22YwsEEHAaros9zUaAqMb8P8HAQ (last accessed September 7, 2022).
[9] http://www.powerpressurecooker.com/about.php (last accessed September 7, 2022).
[10] https://www.youtube.com/watch?v=UsYE9e4nQLs&feature=youtu.be (last accessed October 12, 2022).
[11] *Id.*

21.    During the ordinary and routine operation of the pressure cooker, the unit generates heat and steam to cook; utilizing temperatures up to 248 degrees Fahrenheit (120 degrees Celsius), which is intended to create "a more sterile and healthier environment when compared to traditional cooking methods".[12]

22.    According to the Owner's Manual accompanying each individual unit sold, the pressure cookers purport to have "Built-In Safety Features," misleading the consumer into believing that the pressure cookers are reasonably safe for their normal, intended use. Said "Safety Features" include, but are not limited to, the following:

- Lid Safety Device: Prevents pressure build-up if lid is not closed properly and prevents lid from opening until all pressure is released.

- Pressure and Temperature Sensor Controls: Maintain even heat and pressure by automatically activating or deactivating the power supply.

- "Back-up" Safety Release Valve: Should the Temperature/Pressure Sensor device malfunction, causing pressure to build beyond maximum setting, the "Back-Up" will automatically "kick in" and release the built-up pressure.

- "Clog Resistant" Feature: Prevents food from blocking the steam release port.

- "Spring-Loaded" Safety Pressure Release: Should all safety features listed above fail, this "spring-loaded" device located beneath the heating element will automatically lower the Inner Pot, causing it to separate automatically from the Rubber Gasket. This will enable the steam and pressure to automatically escape around the pot Lid, avoiding a dangerous situation.

- Temperature "Cut-Off" Device: Should the unit malfunction and cause the internal temperature to rise beyond the "Safe" limit, this device will cut-off the power supply and will not automatically reset.[13]

---

[12] *See* PPC-770 Owner's Manual at pg. 2.
[13] PPC-770 Owner's Manual at pg. 3.

23.     In addition to the "Built-In Safety Features" listed in the manual, in Defendant Tristar's "Frequently Asked Questions" YouTube video,[14] Defendant Tristar states that lid of the pressure cookers "should only come off if there [is] no pressure inside.[15]" Specifically:

- "People worry that the lid might come off. It won't." (1:02)

- "The lid on the Power Pressure Cooker XL can only come off if there's no pressure left inside the pot.  And remember, if there is pressure present inside the pot, the lid will stay securely closed so you don't have to worry." (1:02)

- "Once your meal is finished, the unit will depressurize and automatically stop cooking and switch to the Keep Warm mode. There's no safer way to cook." (2:54)

24.     By reason of the forgoing acts or omissions, the above-named Plaintiff and/or their family purchased their pressure cooker with the reasonable expectation that it was properly designed and manufactured, free from defects of any kind, and that it was safe for its intended, foreseeable use of cooking.

25.     Plaintiff used her pressure cooker for its intended purpose of preparing meals for herself and/or family and did so in a manner that was reasonable and foreseeable by Defendant Tristar.

26.     However, the aforementioned pressure cooker was defectively designed and manufactured by Defendant Tristar in that it failed to properly function as to prevent the lid from being removed with normal force while the unit remained pressurized, despite the appearance that all the pressure had been released, during the ordinary, foreseeable and proper use of cooking food with the product; placing the Plaintiff and similar consumers in danger while using the Pressure Cookers.

27.     Defendant Tristar's pressure cookers possess defects that make them unreasonably dangerous for their intended use by consumers because the lid can be rotated and opened while the unit remains pressurized.

---

[14] https://www.youtube.com/watch?v=kCESkfSSROk (last accessed May 12, 2020).
[15] *Id.*

28.     Further, Defendant Tristar's representations about "safety" are not just misleading, they are flatly wrong, and put innocent consumers like Plaintiff directly in harm's way.

29.     Economic, safer alternative designs were available that could have prevented the Pressure Cooker's lid from being rotated and opened while pressurized. Examples of such designs include, but are not limited to, the following examples:

a.  Designing the Pressure Cooker with a longer locking pin that could be griped between user's thumb and the forefinger, in combination with changing the base unit locking lug ramp angle on the locking lug adjacent the locking pin from 45-degrees to 90-degrees;

b.  Designing a lid shield with fewer holes for steam passage, and with those holes positioned as far away as possible from the manual release and floating valves to reduce the likelihood of clogging; and,

c.  Designing the holes in the lid shield to direct any contents away from the valve.

30.     Defendant Tristar knew or should have known that its pressure cookers possessed defects that pose a serious safety risk to Plaintiff and the public. Nevertheless, Defendant Tristar continues to ignore and/or conceal its knowledge of the pressure cookers' defects from the general public and continues to generate a substantial profit from the sale of its pressure cookers, demonstrating a callous, reckless, willful, depraved indifference to the health, safety and welfare of Plaintiff and consumers like her. For example:

a.  The Consumer Products Safety Commission has received several reports[16] of other similar incidents stemming from the failure of the Power Pressure Cooker and other Power Cooker models[17] with the same supposed "Built-In Safety Features," and design defects such as the following:

   i.  October 30, 2014: ("After hearing the loud boom [I] checked the cooker saw the mess it created and the lid was detached from the cooker sitting upside down on the pot.")

---

[16] The date listed is the date the report of injury was sent to Tristar.

[17] Defendant Tristar's other Power Cooker models (PC-WAL1 and PC-TRI6) and Power Pressure Cooker XL models (PCXL-PRO6, PPC-770-1, PPC-770, PPC-780 and PPC-790) have experienced numerous, similar occurrences like those alleged by the Plaintiff herein.

ii.   March 20, 2015: ("My "Power Pressure cooker" exploded with fire hot chicken soup in it, covering my entire kitchen, hitting m[e] in the head with a piece of chicken, and burning my arm. My 7 year old child and his friend had just came through the the [sic] kitchen not seconds before this happened. The [explosion] did damage to my walls and cabinets, and had anyone been standing closer to it, it could have killed or seriously injured my family and my son['s] friend.")

iii.  November 5, 2015: ("I purchased a power pressure cooker that said it had a built-in safety feature[.] I did as the instructions said as far as my 1st use. Cook[ed] some water for 15 mins. After that it was ready for use[.] I cooked some collard greens and after I released all the pressure, I turned the handle…and it exploded all over and my husband and I got burned. I will never again in [my] life recommend this product to anyone! It is not safe at all!!!")

iv.   November 10, 2015: ("[O]n October 4, 2015 the pressure cooker had a bad malfunction[.] [T]he lid released when it was not suppose[d] to…I went to opened the pressure cooker and it exploded…I looked at my arm saw my skin coming off then I knew we had to go to the hospital.")

v.    January 20, 2016: ("Person was using a Tristar Products, Inc. ("Tristar") Model # PPC-770 Serial # CA0148623 pressure cooker for the first time. The top of the cooker came off unexpectedly and the contents exploded out of the cooker.")

vi.   March 8, 2016: ("I was preparing dinner for my family using the Power Pressure Cooker XL. I had selected the soup option and set the timer for 25 minutes. When the timer went off notifying me that the cooking was complete, I turned the pressure release valve allowing the pressure to escape. I let this action continued [sic] for over 15 minutes until the valve dropped and no other pressure released. I then went to turn the lid to remove when the pressure from the cooker exploded causing hot scalding soup to erupt all over my kitchen and myself. I received second degree burns on my left hand and right breast. My doctor prescribed Silvadene to help with the healing process and deter infection, but will be going for a would check to ensure it is healing properly.")

vii.  April 14, 2016: ("Consumer was cooking with the pressure cooker, then released the pressure valve. Then [later] came to open it and the lid blew off and contents exploded all over consumer's body. Product was supposed to stay locked until all pressure was released, which it did not")

9

viii. April 19, 2016: ("Consumer was cooking pea soup in pressure pot XL. Consumer walked into the room where the pea soup was cooking and the pressure pot lid exploded all over consumer.")

ix. August 17, 2016: ("Went to open pressure cooker. Turned the valve to release the pressure and it did not release. [I] attempt[ed] to repeat this step with no change. Went to turn the lid and open the cooker. Pressure cooker contents burst and burned me.")

x. November 10, 2016: ("We were using a Tristar Pressure Cooker last night when 10 minutes into the cook time we heard a loud pop and a steaming sound. We went into the kitchen to see that it had popped its seal and was unlocked with steam coming out. We quickly unplugged it and turned the pressure release button. We didn't open it until it was finished steaming and then open it. We didn't use it again.")

xi. April 7, 2017: ("Pressure cooker malfunction resulting in injury. At approximately 5:50 pm, I was cooking dinner in the Power Cooker Plus (Tristar) pressure cooker. I have used it many times and I am very familiar with pressure cooker usage. When the meal was done, I manually released the pressure using the valve. Believing the pressure to be fully released, I attempted to turn the lid. The lid is advertised as a safety lid that should not turn if there is any pressure. However, the lid did turn and, as it did, the scalding hot contents of the pot erupted and shot out of the pressure cooker.")

xii. June 9, 2017: ("My wife was cooking dinner using Tristar power pressure cooker xl. The product indicated it was done and all directions were followed to release pressure. While releasing cover the contents exploded all over leaving my wife with second and third degree burns on her hands, arms, chest and stomach.")

xiii. November 1, 2017: ("While using a Power Cooker Pressure Cooker as called for by the instructions the top exploded off and I received substantial second degree burns to my arm and chest. As a result of my injuries[,] I have suffered scarring and had to receive medical care and have incurred medical bills.")

xiv. February 14, 2018: ("My client was using the Tristar Power Pressure cooker to cook a roast. The cooker exploded and she sustained severe burns to her face, shoulders, neck and breasts. She was rushed to the emergency room and immediately admitted to the hospital.")

xv. April 11, 2018: ("I was cooking stuffed peppers in the Power Pressure Cooker XL. The level of liquid was well below the recommended max level. After it finished cooking, I released the steam vent. When I did, hot sauce

10

was spewing all over my kitchen counter, cabinets and floor. Luckily I had a few kitchen towels close by to put on top of the valve to contain the spraying hot liquid and avoided a serious burn. However the clean up was awful and I have not used the unit since.")

b.  Several lawsuits have been filed in District Courts throughout the United States alleging failure of the Power Pressure Cooker XL and Power Cooker models with the same supposed "Built-In Safety Features" and design defects. Specifically, see the following:

i.  *Ninfa Vasquez and Jose Vasquez v. Tristar Products, Inc.* (Filed in the Southern District of Texas Brownsville Division, June 12, 2016.) ("Mrs. Vasquez used the cooker for the first time on August 2, 2014 and followed all instructions enclosed with the cooker. She intended to prepare pinto beans for her family's dinner that evening. Approximately two hours after unplugging the cooker, suddenly and without warning, the lid blew off of the cooker, and the pinto beans burst out of the cooker onto Mrs. Vasquez, resulting in extensive and severe burns to her body.") Plf. Compl. ¶ 10.

ii.  *Serguei Tchernykh & Liliya Bekteva v. Bed Bath & Beyond, Inc. v. Tristar Products, Inc.* (Filed in the Southern District of Florida Miami Division, June 24, 2015.) ("As a result of a malfunction of the subject Pressure Cooker [on September 30, 2015], Plaintiff sustained severe burns.") Plf. Compl. ¶ 7.

iii.  *Ana R. Frias, Individually and on behalf of her infant child, Annel Frias v. Tristar Products, Inc.* (Filed in the Western District of Texas San Antonio Division, January 29, 2016.) ("At around 11:30 AM [on December 22, 2015] when Ana Frias attempted to remove the lid from the subject pressure cooker, the subject pressure cooker exploded, causing scalding hot liquid and steam to fly up and out of the pressure cooker, and onto the Plaintiff, Ana Frias and infant Annel Frias.") Plf. Compl. ¶ 5.

iv.  *Tonia Kaye Carroll & Kerry Dale Carroll v. Tristar Products, Inc.* (Filed in the Middle District of Tennessee Columbia Division, February 17, 2016.) ("On or about March 18, 2015 Plaintiff Tonia Carroll was seriously injured during normal and ordinary use of the product when the Power Cooker exploded as the result of a malfunctioning lid. Specifically, and because of its defect and in conflict with the representations contained in the instruction manual, the lid was not prevented from opening while the unit was under pressure.") Plf. Compl. ¶ 7.

v.  *Melaniee Landrum v. Tristar Products, Inc.* (Filed in the Eastern District of Michigan Southern Division, March 24, 2016.) ("On or about May 12, 2014, Plaintiff was cooking food in the Defendant's Power Cooker. Per the instructions, after the Power Cooker light indicated the food was cooked, Plaintiff repeatedly slid the pressure release lever to release any remaining

11

pressure. After waiting approximately fifteen more minutes, Plaintiff again slid the pressure release lever back and forth. As Plaintiff opened the unit, the food suddenly exploded out of the unit, spraying all over the kitchen walls and ceiling, and causing serious burn injuries to Plaintiff as described below.") Plf. Compl. ¶¶ 14, 15.

vi. *Ayesha Mack, individually, and as Next Friend of DM, a minor v. Tristar Products, Inc.* (Filed in the Eastern District of Michigan Southern Division, March 30, 2016.) ("On or about October 4, 2015, Plaintiff was cooking roasted potatoes in the Defendant's Power Cooker. Per the instructions, after the Power Cooker light indicated the food was cooked, Plaintiff repeatedly slid the pressure release lever to release any remaining pressure and fully opened the valve. After waiting several more minutes, Plaintiff looked at the pressure relief valve and saw no steam coming out of the valve. Suddenly, as Plaintiff opened the unit, the food exploded out of the unit, spraying all over the kitchen walls and ceiling, and causing serious burn injuries to Plaintiff and her five-year-old daughter, DM…") Plf. Compl. ¶¶ 14, 15.

vii. *Kenya Allen & Loren Allen v. Tristar Products, Inc.* (Filed in the Northern District of Georgia Atlanta Division, August 18, 2016.) ("At approximately 7:30 p.m. on March 26, 2016, Mrs. Allen was using the subject pressure cooker to prepare a meal for her family that was coming into town the following day for an Easter holiday celebration. However, with no active inputs by Plaintiff or anyone else, the subject pressure cooker exploded on the stovetop in the Plaintiff' kitchen during this ordinary use, with the top of the pressure cooker blowing off the remainder of the product, causing scalding hot liquid, contents and steam to fly up and out of the pressure cooker, and onto Mrs. Allen, who was standing nearby in the kitchen innocently speaking with her sister on the telephone and not engaging the cooker.") Plf. Compl. ¶ 8.

viii. *DLP, a minor child by and through April Presnell, his mother, custodial parent, and next friend, v. Tristar Products, Inc.* (Filed in the Northern District of Georgia Gainseville Division, November 8, 2016.) ("At approximately 7:00 p.m. on July 24, 2016, Ms. Payne was using the subject pressure cooker to prepare a meal for her family as well as for DLP. However, even after unplugging the pressure cooker and allowing it to sit for over one hour, the subject pressure cooker exploded on the countertop in Ms. Payne's kitchen during this ordinary use, with the top of the pressure cooker blowing off the remainder of the product, causing scalding hot liquid, contents and steam to fly up and out of the pressure cooker, and onto DLP, who was standing nearby in the kitchen and not engaging the cooker.") Plf. Compl. ¶ 7.

ix. *Lori Haines v. Tristar Products, Inc.* (Filed in the Southern District of Texas Brownsville Division, December 22, 2016.) ("Ms. Haines used the cooker

on January 13, 2015 and followed all instructions enclosed with the cooker. She intended to prepare stew for her family's dinner that evening. She first cooked the meat for the stew for twenty minutes in the cooker. She then opened the cooker and added vegetables and started the cook cycle again. After she finished the second cook cycle, she and her son released steam from the cooker and she held the cooker while her son began to open the lid. As he started to open the lid, it burst open, spraying her with the scalding hot contents and resulting in extensive and severe burns to her arm, chest, and stomach.")  Plf. Compl. ¶ 12.

x.   *Jeremy Marcotte v. Tristar Products, Inc.* (Filed in the Western District of Louisiana Lafayette Division, February 27, 2017.)  ("On or about May 19, 2016 suddenly and without warning, the lid blew off of the cooker, and the contents burst out of the cooker onto Mr. Marcotte, resulting in extensive and severe burns to his body.") Plf. Compl. ¶ 8.

xi.  *Carolyn Johnson and Jessie Mayberry v. Tristar Products, Inc., Zhongshan USATA Electric Appliance Co. LTD, Pro QC International, LTD., Zhongshan Jinguang Household Appliance Manufacture Co., LTD., Zhongshan Jincheng Electric Appliance Co., LTD., XYZ Corporations 1-5; Does 1-5,* (Filed in the Direct of New Jersey Newark Division, July 24, 2017.) ("On or about July 25, 2016, Plaintiff Carolyn Johnson and Jessie Mayberry, were using the Pressure Cooker and followed all instructions enclosed with the Pressure Cooker. While using the Pressure Cooker to prepare a meal, it suddenly and without warning exploded, causing scalding hot liquid, contents, and steam to fly out of the Pressure Cooker and onto the Plaintiff.") Plf. Compl. ¶¶ 23, 24.

xii. *Beth Morales v. Tristar Products, Inc., Zhongshan USATA Electric Appliance Co. LTD, Pro QC International, LTD., Zhongshan Jinguang Household Appliance Manufacture Co., LTD., Zhongshan Jincheng Electric Appliance Co., LTD., XYZ Corporations 1-5; Does 1-5,* (Filed in the Southern District of Florida, August 11, 2017.)  ("On or about October 30, 2016, Plaintiff was using the Pressure Cooker and followed all instructions enclosed with the Pressure Cooker. While using the Pressure Cooker to prepare a meal, it suddenly and without warning exploded, causing scalding hot liquid, contents, and steam to fly out of the Pressure Cooker and onto the Plaintiff.") Plf. Compl. ¶¶ 23, 24.

xiii. *Jeni Chaney and Brian Burnett v. Tristar Products, Inc., et. al.* (Filed in the United States District Court for the Middle District of Florida, Tampa Division, September 22, 2017.) ("On or about November 26, 2016, Plaintiff, Jeni Chaney and Brian Brunet, were using the Pressure Cooker while in Pasco County and followed all enclosed with the Pressure Cooker. While using the Pressure Cooker to prepare a meal, it suddenly and without

13

warning exploded, causing scalding hot liquid, contents, and steam to fly out of the Pressure Cooker and onto the Plaintiff.") Plf. Compl., ¶¶ 27, 28.

xiv. *Catherine Komertz and Scott Miller v. Tristar Products, Inc., et. al.* (Filed in the United States District Court for the Middle District of Florida, Tampa Division, September 22, 2017.) ("On or about April 22, 2017, Plaintiff Catherine Komertz and Scott Miller, were using the Pressure Cooker and followed all instructions enclosed with the Pressure Cooker. While using the Pressure Cooker to prepare a meal, it suddenly and without warning exploded, causing scalding hot liquid, contents, and steam to fly out of the Pressure Cooker and onto the Plaintiff.") Plf. Compl., ¶¶ 27, 28.

xv. *Elizabeth Pina v. Tristar Products, Inc., Zhongshan USATA Electric Appliance Co. LTD, Pro QVC International, LTD., Zhongshan Jinguang Household Appliance Manufacture Co., LTD., Zhongshan Jincheng Electric Appliance Co., LTD., XYZ Corporations 1-5; Does 1-5,* (Filed in New Jersey District Court, September 26, 2017.) ("On or about October 10, 2015, Plaintiff, ELIZABETH PINA, was using the Pressure Cooker and followed all instructions enclosed with the Pressure Cooker. While using the Pressure Cooker to prepare a meal, it suddenly and without warning exploded, causing scalding hot liquid, contents, and steam to fly out of the Pressure Cooker and onto Plaintiff.") Plf. Compl. ¶¶ 23, 24.

xvi. *Fabian Marroquin v. Tristar Products, Inc., Zhongshan USATA Electric Appliance Co. LTD, Pro QVC International, LTD., Zhongshan Jinguang Household Appliance Manufacture Co., LTD., and Zhongshan Jincheng Electric Appliance Co., LTD.* (Filed in New Jersey District Court, March 1, 2018.) (" On or about March 7, 2016, Plaintiff FABIAN MARROQUIN, was using the Pressure Cooker and followed all instructions enclosed with the Pressure Cooker. While using the Pressure Cooker to prepare a meal, it suddenly and without warning exploded, causing scalding hot liquid, contents, and steam to fly out of the Pressure Cooker and onto the Plaintiff.") Plf. Compl. ¶¶ 20, 21.

xvii. *Lester Prater v. Tristar Products, Inc., Zhongshan USATA Electric Appliance Co. LTD, Pro QVC International, LTD., Zhongshan Jinguang Household Appliance Manufacture Co., LTD., and Zhongshan Jincheng Electric Appliance Co., LTD., Ningbo NDL Electric Appliances Co., LTD, and Zhongshan Yalesi Electric Co., LTD.* (Filed in New Jersey District Court, April 19, 2018.) ("On or about April 24, 2017, Plaintiff LESTER PRATER, was using the Pressure Cooker and followed all instructions enclosed with the Pressure Cooker. While using the Pressure Cooker to prepare a meal, it suddenly and without warning exploded, causing scalding hot liquid, contents, and steam to fly out of the Pressure Cooker and onto the Plaintiff.") Plf. Compl. ¶¶ 26, 27.

14

c.   The same is true for state courts around the country:

    i.   *Angela Strickland and Mack Edwards v. Tristar Products, Inc.,* (Filed in the State Court of Chatham County, State of Georgia, January 11, 2016, notice of removal filed in the Southern District of Georgia, February 10, 2016.) ("While the Power Cooker XL was operating, it exploded in front of Plaintiff, causing them serious injuries. As a result of their burns, Plaintiff were transported to the Joseph M. Still Burn Center in Augusta, Georgia where they both underwent skin grafts and have endured significant mental and physical pain and suffering.")  Plf. Compl., ¶¶ 15, 16.

    ii.   *Samantha Williams v. Tristar Products, Inc.,* (Filed in the Superior Court of Lanier County, State of Georgia, February 27, 2017, notice of removal filed in the Middle District of Georgia, April 20, 2017.)  (On or about February 14, 2017, Plaintiff "approached the subject pressure cooker and lightly pressed the cancel button when suddenly and without warning, the subject pressure cooker exploded on the countertop during this ordinary use, with the top of the subject pressure cooker blowing off the remainder of the product, causing the scalding hot beef stew to fly up and out of the subject pressure cooker and onto [her]." As a result, Plaintiff claims that she "suffered severely painful and disfiguring second-degree burns, scalding her neck all the way down to her chest to above the belly button, both breasts, and her entire right arm from her shoulder down to the wrist," and that she "was experiencing such excruciating pain that the medical personnel [that subsequently treated Plaintiff] had to put her under anesthesia to continue with their assessment and treatment of the burns."). Plf. Compl., ¶¶ 13-16.

    iii.   *Lyndsay Moyer and Ryan Moyer v. Wal-Mart Stores East, LP, et. al.* (Filed in the Philadelphia Court of Common Pleas, March 10, 2017) (On or about March 30, 2015 "Ryan then turned the lid of the Pressure Cooker in reasonable and normal manner to open it, freely and without force. Immediately upon opening the lid the Pressure Cooker exploded sending its scalding hot liquid contents all over Lyndsay including her entire chest and neck and both arms and hands.") Plf. Compl., ¶ 24.

    iv.   *Nushon Scales v. Tristar Products, Inc., and Wal-Mart Stores, Inc.,* (Filed in the Superior Court of Connecticut at Bridgeport, State of Connecticut April 6, 2017, notice of removal filed in Connecticut District Court, May 9, 2017.) ("On or about April 9, 2015, the Plaintiff was using said Pressure Cooker to cook vegetables when it suddenly and without warning exploded, spraying the Plaintiff with stem, hot liquid and/or cooking debris causing the injuries and damages herein after set forth.") Plf. Compl., ¶ 10.

    v.   *Sandra Pulgarin v. Tristar Products, Inc. Zhongshan USTA Electric Appliance Co., LTD, and Does 1 to 100, inclusive* (Filed in the Superior

Court of California, Los Angeles County Central District, April 26, 2017, notice of removal filed in California Central District Court, July 6, 2017.) ("[O]n or about May 11, 2015…Plaintiff was burned, bruised, and suffered physical injury…The product that caused the [incident] – a Power Pressure Cooker XL, model number PCXL-PRO6…Plaintiff's injuries were caused when the [subject product] suddenly released stem and superheated air and food from the body of the [subject product], burning her.") Plf. Compl., ¶ 1.

vi. *Maria Bownes v. Tristar Products, Inc., Zhongshan USATA Electric Appliance Co. LTD, and Pro QC International, LTD*. (Filed in the Superior Court of New Jersey Law Divisions for Essex County, State of New Jersey May 8, 2017, notice of removal filed in New Jersey District Court, May 24, 2017.) ("On or about May 30, 2016, Plaintiff [Maria Bownes], was using the Pressure Cooker and followed all instructions enclosed with the Pressure Cooker. While suing the Pressure Cooker to prepare a meal, it suddenly and without warning exploded, causing scalding hot liquid, contents, and stem to fly out of the Pressure Cooker and onto the Plaintiff.") Plf. Compl., ¶¶ 16,17.

vii. *Latosha Galloway, an individual v. Tristar Products, Inc., a Pennsylvania corporation; and Bed Bath & Beyond, Inc., d/b/a BBB, a New York Corporation* (Filed in the Superior Court of the State of Washington for King County, May 30, 2017, notice of removal filed in the Western District of Washington, June 29, 2017.) ("On or about February 12, 2017, Latosha Galloway was in her home and decided to use the subject Pressure Cooker to prepare beef stew for her family. Ms Galloway placed beef into the Subject Pressure Cooker, locked the lid, and set it to cook for approximately forty minutes. Ms. Galloway was using the Subject Pressure Cooker in a normal foreseeable fashion and in accordance with its intended purpose. After a few minutes, Ms. Galloway heard a strange steaming noise emitting from the Subject Pressure Cooker, which she had never heard before. She approached the Subject Pressure Cooker and noticed stem being released from an odd place on the Subject Pressure Cooker. Ms. Galloway unplugged the Subject Pressure Cooker, and waited a minute, watching the Subject Pressure Cooker. After a minute, Ms. Galloway slightly tapped the lid's handle to see whether the lid was still locked into the secure position; it was not…Ms. Galloway quickly moved the handle back to the locked position, when suddenly and without warning, the Subject Pressure Cooker exploded on the countertop during ordinary use, with the top of the Subject Pressure Cooker blowing off the remainder of the product, causing the scalding ho beef, water, and steam to fly up and out of the Subject Pressure Cooker and onto Ms. Galloway.") Plf. Compl., ¶ 15.

viii. *Amanda Olano v. Tristar Products, Inc.* (Filed in the Eighteenth Judicial District Court for the Parish of Iberville, State of Louisiana, November 30,

16

2016, notice of removal filed in the Middle District of Louisiana, June 5, 2017.) ("Plaintiff suffered 'severe and debilitating bodily injuries including first, second and third degree burns to her left hand and arm that have required medical treatment' and claims she has' suffered disfigurement and scarring to her left hand and arm'. Plaintiff seeks to recover for past, present and future damages of 'physical pain and suffering, mental pain, anguish and distress, loss of enjoyment of life, embarrassment, loss of income, disability…medical expenses' and further seeks damages for 'impairment of future earning capacity.'") Def. Mot. Rmvl., ¶ 14.

ix. *Wendy Soto v. Tristar Products, Inc., a Corporation, Costco Whole Corporation, a Corporation, Costco Wholesale Membership, Inc., a Corporation; and Does 1-100, inclusive* (Filed in the Superior Court of the State of California, County of Santa Barbara, July 21, 2017, notice of removal filed in California Central District Court, August 29, 2017.) ("Plaintiff's Complaint alleges liability for injuries allegedly suffered as a result of a Tristar Power Pressure Cooker XL malfunction.") Def. Mot. Rmvl., ¶ 3; Plf. Compl., ¶ 8.

x. *Tawndra L. Heath, an individual v. Tristar Products, Inc., a Pennsylvania Corporation; DOE Individuals 1-10; and ROE [sic] Corporations 11-20* (Filed in Nevada District County, Clark County, October 12, 2017, notice of removal filed in United States District Court, District of Nevada, November 15, 2017) ("As a result of a malfunction of the Pressure Cooker, Plaintiff sustained severe burns.") Plf. Compl., ¶ 10.

xi. *Jen Starr v. Tristar Products, Inc. and Walmart, Inc.* (Filed in the Fifth Judicial District Court In and For Washington County, State of Utah on December 29, 2017, notice of removal filed in the United State District Court for the District of Utah, Southern Region of the Central Division April 4, 2018") ("When Starr went to open the lid, the contents erupted and the scalding hot food went all over Starr's chest, arms, abdomen, and kitchen.") Plf. Second Amd. Compl., ¶ 31.

d. A class action lawsuit was filed on May 10, 2016 in the in the Northern District of Ohio Eastern Division alleging similar incidents, failures and defects. The case of *Kenneth Chapman, Jessica Vennel, and Jason Jackson, on behalf of themselves and all other similar situated v. Tristar Products, Inc.* (1:16-cv-1114) went to trial by jury on Monday, July 10, 2017, with the Honorable Judge James Gwin presiding. The matter settled prior to the jury returning a verdict.

31. As a direct and proximate result of Defendant Tristar's intentional concealment of such defects, its failure to warn consumers of such defects, its negligent misrepresentations, its failure to remove a product with such defects from the stream of commerce, and its negligent design of

17

such products, Plaintiff used an unreasonably dangerous Pressure Cooker, which resulted in significant and painful bodily injuries upon Plaintiff's simple removal of the lid of the Pressure Cooker.

32.    Consequently, the Plaintiff in this case seeks damages resulting from the use of Defendant Tristar's pressure cooker as described above, which has caused the Plaintiff to suffer from serious bodily injuries, medical expenses, physical pain, mental anguish, diminished enjoyment of life, and other damages.

## CLAIMS FOR RELIEF

### COUNT I
### STRICT LIABILITY

33.    At the time of Plaintiff's injuries, Defendant Tristar's pressure cookers were defective and unreasonably dangerous for use by foreseeable consumers, including Plaintiff.

34.    Defendant Tristar's pressure cookers were in the same or substantially similar condition as when they left the possession of Defendant Tristar.

35.    Plaintiff did not misuse or materially alter the pressure cooker.

36.    The pressure cooker did not perform as safely as an ordinary consumer would have expected it to perform when used in a reasonably foreseeable way.

37.    Further, a reasonable person would conclude that the possibility and serious of harm outweighs the burden or cost of making the pressure cookers safe. Specifically:

   a. The pressure cookers designed, manufactured, sold, and supplied by Defendant Tristar were defectively designed and placed into the stream of commerce in a defective and unreasonably dangerous condition for consumers;

   b. The seriousness of the potential burn injuries resulting from the product drastically outweighs any benefit that could be derived from its normal, intended use;

c. Defendant Tristar failed to properly market, design, manufacture, distribute, supply, and sell the pressure cookers, despite having extensive knowledge that the aforementioned injuries could and did occur;

d. Defendant Tristar failed to warn and place adequate warnings and instructions on the pressure cookers;

e. Defendant Tristar failed to adequately test the pressure cookers; and

f. Defendant Tristar failed to market an economically feasible alternative design, despite the existence of the aforementioned economical, safer alternatives, that could have prevented the Plaintiff' injuries and damages.

38.    Defendant Tristar's actions and omissions were the direct and proximate cause of the Plaintiff's injuries and damages.

WHEREFORE, Plaintiff demands judgment against Defendant Tristar for damages, together with interest, costs of suit, and all such other relief as the Court deems proper.

## COUNT II
## NEGLIGENCE

39.     Defendant Tristar had a duty of reasonable care to design, manufacture, market, and sell non-defective pressure cooker that are reasonably safe for their intended uses by consumers, such as Plaintiff and her family.

40.    Defendant Tristar failed to exercise ordinary care in the manufacture, sale, warnings, quality assurance, quality control, distribution, advertising, promotion, sale, and marketing of its pressure cookers in that Defendant knew or should have known that said pressure cookers created a high risk of unreasonable harm to the Plaintiff and consumers alike.

41.    Defendant Tristar was negligent in the design, manufacture, advertising, warning, marketing, and sale of its pressure cookers in that, among other things, it:

a. Failed to use due care in designing and manufacturing the pressure cookers to avoid the aforementioned risks to individuals;

b. Placed an unsafe product into the stream of commerce;

19

    c. Aggressively over-promoted and marketed its Pressure Cookers through television, social media, and other advertising outlets; and

    d. Was otherwise careless or negligent.

42. Despite the fact that Defendant Tristar knew or should have known that consumers were able to remove the lid while the pressure cookers were still pressurized, Defendant continued to market its pressure cookers to the general public (and continues to do so).

**WHEREFORE**, Plaintiff demands judgment against Defendant Tristar for damages, together with interest, costs of suit, and all such other relief as the Court deems proper.

**COUNT III**
**STRICT LIABILITY - DESIGN DEFECT**

43. Defendant Tristar is the manufacturer, seller, distributor, marketer, and supplier of the subject pressure cooker, which was defectively and negligently designed.

44. Defendant Tristar failed to exercise reasonable care in designing, developing, manufacturing, inspecting, testing, packaging, selling, distributing, labeling, marketing, and promoting its pressure cookers, which were defective and presented an unreasonable risk of harm to consumers, such as the Plaintiff.

45. As a result, the subject pressure cookers, including Plaintiff's pressure cooker, contain defects in their design which render them unreasonably dangerous to consumers, such as the Plaintiff, when used as intended or as reasonably foreseeable to Defendant Tristar. The defect in the design allows consumers such as Plaintiff to open the lid while the unit remains pressurized, despite the appearance that all the pressure has been released from the unit, and causes an unreasonable increased risk of injury, including, but not limited to, first, second and third-degree scald burns.

46.    Plaintiff in this case used her pressure cooker in a reasonably foreseeable manner and did so as substantially intended by Defendant Tristar.

47.    The subject pressure cooker was not materially altered or modified after being manufactured by Defendant Tristar and before being used by Plaintiff.

48.    The design defects allowing the lid to open while the unit was still pressurized directly rendered the pressure cookers defective and were the direct and proximate result of Defendant Tristar's negligence and failure to use reasonable care in designing, testing, manufacturing, and promoting the pressure cookers.

49.    As a direct and proximate result of Defendant Tristar's negligent design of its pressure cookers, the Plaintiff in this case suffered injuries and damages described herein.

50.    Despite the fact that Defendant Tristar knew or should have known that the Plaintiff and consumers like her were able to remove the lid while the pressure cookers were still pressurized, Defendant Tristar continued to market its pressure cookers to the general public (and continues to do so).

WHEREFORE, Plaintiff demands judgment against Defendant Tristar for damages, together with interest, costs of suit, and all such other relief as the Court deems proper.

**COUNT IV**
**STRICT LIABILITY - FAILURE TO WARN**

51.    At the time in which the pressure cooker was purchased, up through the time Plaintiff was injured, Defendant Tristar knew or had reason to know that its pressure cookers were dangerous and created an unreasonable risk of harm to consumers.

52.    Defendant Tristar had a duty to exercise reasonable care to warn consumers of the dangerous conditions or the facts that made its pressure cookers likely to be dangerous.

53.     As a direct and proximate result of Defendant Tristar's failure to warn of the dangers of its pressure cookers, the Plaintiff in this case suffered injuries and damages described herein.

54.     Despite the fact that Defendant Tristar knew or should have known that consumers were able to remove the lid while the pressure cookers were still pressurized, Defendant Tristar continued to market its pressure cookers to the general public (and continues to do so).

55.     **WHEREFORE**, Plaintiff demands judgment against Defendant Tristar for damages, together with interest, costs of suit, and all such other relief as the Court deems proper.

## DEMAND FOR JURY TRIAL

Plaintiff demands that all issues of fact of this case be tried to a properly impaneled jury to the extent permitted under the law.

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff demands judgment against the Defendant Tristar for damages, including punitive damages if applicable, to which she is entitled by law, as well as all costs of this action, interest and attorneys' fees, to the full extent of the law, whether arising under the common law and/or statutory law, including:

a.  judgment for Plaintiff and against Defendant Tristar;

b.  damages to compensate Plaintiff for their injuries, economic losses and pain and suffering sustained as a result of the use of the Defendant Tristar's pressure cooker;

c.  pre and post judgment interest at the lawful rate;

d.  punitive on all applicable Counts as permitted by the law;

e.  a trial by jury on all issues of the case;

f.  an award of attorneys' fees; and

g.  for any other relief as this Court may deem equitable and just, or that may be available under the law of another forum to the extent the law of another forum is applied, including but not limited to all reliefs prayed for in this Complaint and in the foregoing Prayer for Relief.

22

**JOHNSON BECKER, PLLC**

Dated: July 12, 2024

*/s/ Lisa A. Gorshe, Esq.*
Lisa A. Gorshe, Esq. (FL #122180)
444 Cedar Street, Suite 1800
St. Paul, MN 55101
Tel.: (612) 436-1800
Fax: (612) 436-1801
lgorshe@johnsonbecker.com

***Attorneys for Plaintiff***